| | | | |
|---|---|---|---|
| AO 91 (Rev. 11/11)  Criminal Complaint | AUSA: Julie Beck<br>Special Agent: Lorin Allain | Telephone: (313) 550-9333<br>Telephone: (313) 673-0994 | |

# UNITED STATES DISTRICT COURT
for the

Eastern District of Michigan

United States of America
   v.
Subeg SINGH

Case No.  Case: 2:21−mj−30447
Assigned To : Unassigned
Assign. Date : 9/23/2021
USA V. SINGH (CMP)(CMC)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __September 22, 2021__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC 841(a) | Possession with intent to distribute a Controlled Substance |
| 21 USC 960 | Illegal Exportation of a Controlled Substance |

This criminal complaint is based on these facts:
See attached affidavit

☐ Continued on the attached sheet.

*Lorin Allain*
Complainant's signature

Lorin Allain, HSI Special Agent
Printed name and title

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: September 23, 2021

*Kimberly G. Altman*
Judge's signature

City and state: Detroit, MI

Hon. Kimberly G. Altman, US Magistrate Judge
Printed name and title

## AFFIDAVIT

I, Lorin Allain, being duly sworn, depose and state the following:

(1) I am a Special Agent (SA) with the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI) in Detroit, Michigan, which is located in the Eastern District of Michigan. I have been so employed since June 2008. I am also a graduate of the Criminal Investigator Training Program and the Immigration and Customs Enforcement Special Agent Training Program at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia. Prior to my time with HSI, I was a student at Michigan State University in East Lansing, Michigan. In June of 2006, I obtained a bachelors degree in Criminal Justice. As part of my daily duties as an ICE agent, I investigate criminal violations related to narcotics trafficking. The facts in this affidavit come from my personal observations, my training and experience, law enforcement databases, commercial databases, open-source databases and information obtained from other agents/officers and witnesses. Since this affidavit is being submitted for the limited purpose of obtaining a criminal complaint, it does not necessarily include all the information collected during this investigation; rather, it sets forth only the facts necessary to establish probable cause.

FACTS AND CIRCUMSTANCES IN SUPPORT OF PROBABLE CAUSE

(2) On September 22, 2021, at approximately 12:11 am Customs and Border Protection Officer (CBPO) Dockweiler of the Fort Street Cargo Facility Port of Entry (POE) in Detroit, Michigan contacted SA Lorin Allain as the on-call duty agent regarding an anomaly found during the outbound Customs inspection of a commercial truck driven by Subeg SINGH, a Canadian citizen, residing in Canada.

(3) According to CBP Officers, SINGH was encountered at approximately 2235 hours by the Customs and Border Protection (CBP), Detroit Contraband Enforcement Team (DCET) at the Fort Street Cargo Facility Port of Entry (POE) while operating a commercial tractor bearing Alberta plate E77356 and pulling a commercial trailer bearing Ontario plate S8353C. Upon encounter of SINGH, CBP officers attempted to direct him to stop for secondary inspection; however, he continued to drive until a marked unit intercepted his path. At that time SINGH claimed he was having a panic attack and an ambulance was called, checks of his vitals were conducted by the EMT's and SINGH declined to go to the hospital.

(4) Upon further inspection it was determined that the shipment in the trailer was manifested as starch. After breaking the seal and opening the trailer DCET members noticed two (2) duffle bags behind the trailer doors.

(5) According to CBP Officers, SINGH was then transported to the Fort Street Cargo Facility for further inspection. At that time the contents in the duffle bags were emptied and tested. The vacuum sealed packages were tested with the Gemini Analyzer which confirmed the contents to be cocaine. The search of the two (2) duffle bags revealed 50 vacuum sealed packages, weighing a total of 53.75 kg.

(6) On September 23, 2021 HSI SA Lorin Allain, HSI TFO Stephanie Brandt, and TFO Rick Arslanian responded to the POE at approximately 1:05 am to gather more information from CBP and to conduct an interview with SINGH. The interview with SINGH started at approximately 2:04am and was conducted in the English language. About ten minutes later, SINGH received his Miranda warnings from HSI SA Allain, which Singh subsequently waived and agreed to speak with agents. During the interview, agents repeatedly asked SINGH about the suspected cocaine found within the truck. SINGH did not acknowledge ownership of the suspected cocaine, and further denied knowledge that the suspected cocaine was in the truck trailer.

(7) SA Allain and HSI TFO's Brandt and Arslanian were notified by CBP during the interview that the seal on the trailer had been changed and the seal number on the trailer was not consistent with the seal number on the paperwork. The original seal that the loading company had placed on the trailer had been

removed and another seal was put in its place. CBP further stated that a package of seals was found in the truck SINGH was driving and the one that was missing from the open package was the one currently on the trailer. Upon further questioning SINGH stated that he did change the seal on the trailer because it was company policy.

(8) The border search of SINGH'S phone further showed what appeared to be a ledger in the notes section on his phone which showed 7 entries with values of 60, 55, 60, 50, 60, 50, and 50. The final entry of 50 was time-stamped September 22, 2021 at 1952. Upon being questioned and shown the note in his phone, he claimed that he didn't know anything about it.

(9) Your affiant is aware that this criminal conduct occurred within the Eastern District of Michigan and based upon prior narcotics expertise and believes that the amount of drugs seized to be consistent with large scale smuggling/distribution activities. Your affiant places the monetary value of the seized cocaine as approximately $1.5 Million.

(10) Your affiant is aware that legitimate commercial trucking companies responsible for transporting valuable and high theft items such as meat have security methods in place which would prevent the theft of loads. Some of these include training commercial drivers to compare the existing trailer seal numbers to the numbers of the seals printed on their bills of lading to ensure that the loads

have not been tampered with prior to departing the facility. The owners of valuable commercial loads routinely employ security guards to compare the trailer seal numbers attached to the trailer and the bills of lading prior to allowing the truck/trailer to depart the secured facility.

(11) Based on the foregoing, there is probable cause to believe that Subeg SINGH violated 21 United States Code, Section 841, Possession with the Intent to Distribute a Controlled Substance and 21 United States Code, Section 960, Illegal Exportation of a Controlled Substance.

*Lorin Allain*
_____
Special Agent Lorin Allain
U.S. Department of Homeland Security
Homeland Security Investigations

Sworn to before me and signed in my presence
and/or by reliable electronic means.

_____
Honorable Kimberly G. Altman
United States Magistrate Judge

Dated:   September 23, 2021